IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v.                               ) | CRIMINAL NO. 1:18-cr-89 (TSE) |
| ) | |
| JERRY CHUN SHING LEE,   ) | |
| ) | |
| Defendant.          ) | |

## NOTICE OF EVIDENCE OF NATIONAL DEFENSE INFORMATION

The United States, by and through its attorneys, G. Zachary Terwilliger, United States Attorney for the Eastern District of Virginia, and the below-listed counsel, hereby provides notice to defendant Jerry Chun Shing Lee as to evidence the government will present at trial that is alleged to constitute national defense information, pursuant to Title 18, United States Code, Sections 794 and 793.[1]  The government respectfully seeks the opportunity to supplement or amend this notice following CIPA proceedings and in conjunction with its written summary of the government's expert witness' opinions, the bases and reasons for those opinions, and the qualifications of the witness, pursuant to Fed. R. Crim. P. 16(a)(1)(G).[2]

In Count One of the indictment, the defendant is charged with conspiracy to communicate

---

[1] While not defined by statute, the government intends to rely on prior court opinions that have provided judicial interpretations of the meaning of "national defense information."  *See United States v. Squillacote*, 221 F.3d 542, 576 (4th Cir. 2000); *United States v. Truong Dinh Hung*, 629 F.2d 908 (4th Cir. 1980); *United States v. Morrison*, 844 F.2d 1057 (4th Cir.), *cert. denied*, 488 U.S. 908 (1988); *United States v. Rosen*, 445 F. Supp. 2d 602 (E.D. Va. 2006).

[2] The government expects that closer to trial it will file a more detailed, classified version of this notice pursuant to Section 10 of CIPA.  The statute provides, in pertinent part:

> In any prosecution in which the United States must establish that material relates to the national defense . . . the United States shall notify the defendant, within the time before trial specified by the court, of the portions of the material that it reasonably expects to rely upon to establish the national defense . . . element of the offense.

18 U.S.C. App. 3 § 10.

national defense information (NDI) to the Government of the People's Republic of China (PRC), in violation of 18 U.S.C §§ 794(a) & (c). Overt Act 3 alleges that the defendant received at least 21 taskings from intelligence officers (IOs) of the PRC. Those 21 taskings were described by the defendant in the course of a series of interviews with the FBI in May 2013 that were memorialized in classified 302 reports that have been provided to the defense. The government expects to present evidence demonstrating that any fulfillment of at least 20 of those taskings would necessitate the disclosure of NDI (the exception being one particular tasking referencing the identity of a former FBI agent).

Overt Acts 5 and 6 describe, respectively, a document the defendant created on his laptop computer and a floor plan sketch he made of a CIA facility located abroad, both in response to taskings from the IOs. The government will present evidence that the first document (previously provided to defense counsel) contains two Secret entries constituting NDI, and creation of the second document would reveal NDI.

Finally, as described in Overt Act 14, in August 2013, the defendant is alleged to have been in unlawful possession of two notebooks containing handwritten entries that he made while earlier employed as a case officer with the CIA.[3] The defendant's notes pertained to, among other things, CIA-related operational notes from asset meetings, operational meeting locations, operational contact information, true names of assets, and information about covert CIA facilities. The defendant's retention of the first notebook, a 2002 Day Planner, is charged in Count Two as a violation of 18 U.S.C. § 793(e). It consists of approximately 90 pages that underwent a detailed classification review by an Original Classification Authority. Copies of

---

[3] The two notebooks were never seized by the government; rather, they were photographed during a court-authorized search of the defendant's personal effects.

the pages of this Day Planner, with classification findings, were provided to the defense in a three-ring binder, divided by tabs in 46 separate sections of two-page spreads. One section contained Top Secret information, 21 sections contained Secret information, and one section contained Confidential information. The government expects to present evidence demonstrating that the Top Secret entries at Tab 264 and the Secret entries at Tabs 265, 270, 271, 301, and 302, standing alone, each constitute NDI. The government's expert witness is likely to testify in some detail about notebook entries at these particular tabs. We also expect to present evidence that the Secret entries at Tabs 261, 272-73, 276-79, 282, 286, 287, 291, 292, 294-95, 299, and 304, standing alone or in combination with other entries in the same book, contain NDI.

The defendant's retention of the second notebook, an address book, is charged in Count Three as a violation of 18 U.S.C. § 793(e). It consists of approximately 36 pages that also underwent a detailed classification review by an Original Classification Authority. Similarly, copies of the pages of this address book, with classification findings, were provided to the defense in a three-ring binder, divided by tabs in 24 separate sections of two-page spreads. Thirteen sections contained Secret information, and three sections contained Confidential information. The government expects to present evidence demonstrating that the Secret entries at Tabs 311, 315, 316, and 319, standing alone, each constitute NDI, and the government's expert likely will testify in some detail about notebook entries at these particular tabs. We also

expect to present evidence that the Secret entries at Tabs 308-10, 313, 318, 320-21, 325, and 327, standing alone or in combination with other entries in the same book, contain NDI.

                                                              Respectfully submitted,

                                                              G. Zachary Terwilliger
                                                              United States Attorney

By:          /s/
                                                             W. Neil Hammerstrom, Jr.
                                                             Assistant United States Attorney

                                                             Adam L. Small
                                                            Patrick T. Murphy
                                                             Trial Attorneys
                                                             United States Department of Justice

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 7th day of September 2018, I filed the foregoing with the Clerk of Court using the CM/ECF system, which will send an electronic notification to all counsel of record.

/s/
W. Neil Hammerstrom, Jr.
Assistant United States Attorney
United States Attorney's Office
Justin W. Williams U.S. Attorney's Building
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: 703-299-3700
Email: neil.hammerstrom@usdoj.gov
