IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 1:18-cr-89 |
| | ) | |
| JERRY CHUN SHING LEE | ) | |

## ORDER

This matter is before the Court on the government's motion to substitute certain portions of the defendant's 2012 interviews with the Central Intelligence Agency ("CIA") pursuant to § 6(c) of the Classified Information Procedures Act ("CIPA"), 18 U.S.C. App. III §§ 1–16, and the defendant's request to admit, pursuant to the rule of completeness,[1] certain excerpts from the recordings of defendant's 2012 CIA interviews.

Pursuant to CIPA § 6, the government may "move to substitute either a statement admitting relevant facts that the classified information would tend to prove or a summary of the classified information itself." *United States v. Smith*, 780 F.2d 1102, 1105 (4th Cir. 1985) (citing 18 U.S.C. App. § 6(c)(1)). A motion for substitution shall be granted "if the substitution will give the defendant substantially the same ability to make his defense as would the disclosure of the classified information." *Id.*

The rule of completeness originated at common law and is now codified in Rule 106 of the Federal Rules of Evidence. As relevant here, the rule provides that when "a party introduces part of a . . . recorded statement, an adverse party may require the introduction, at that time, of any other part . . . that in fairness ought to be considered at the same time." Rule 106, Fed. R. Evid.

---

[1] The rule of completeness is codified in Rule 106, Fed. R. Evid.

1

The Fourth Circuit has explained that "a trial court, in applying the rule of completeness, may allow into the record 'relevant portions of [otherwise] excluded testimony which clarify or explain the part already received,' in order to 'prevent a party from misleading the jury' by failing to introduce the entirety of the statement or document." *United States v. Hassan*, 742 F.3d 104, 134 (4th Cir. 2014) (quoting *United States v. Bollin*, 264 F.3d 391, 414 (4th Cir. 2001)). However, "the rule of completeness does not render admissible . . . evidence which is otherwise inadmissible under the hearsay rules [or] . . . require the admission of self-serving, exculpatory statements made by a party which are being sought for admission by that same party." *Id.* (internal quotation marks and citations omitted).

At issue now are the excerpts from defendant's 2012 CIA interviews that were addressed at the classified hearing on Friday, April 12, 2019. Counsels' arguments have been considered in accordance with the standards described *supra*.

Accordingly, and for good cause,

It is hereby **ORDERED** that defendant's request to admit pages 75–80 of the March 8, 2012 interview to complete the government's introduction of pages 76–77 is **DENIED**.

It is further **ORDERED** that defendant's request to admit pages 292–309 of the March 8, 2012 interview to complete the government's introduction of pages 306–08 is **GRANTED IN PART AND DENIED IN PART**. Specifically, pages 295:24–96:10 may be admitted but the remainder of the pages may not be admitted.

It is further **ORDERED** that defendant's request to admit pages 294–302 of the March 9, 2012 interview to complete the government's introduction of pages 294–98 is **GRANTED IN PART AND DENIED IN PART**. Specifically, page 299 of the transcript may be admitted but not the other pages defendant seeks to admit.

It is further **ORDERED** that defendant's request to admit pages 356–86 of the June 4, 2012 interview to complete the government's introduction of pages 356–58 is **DENIED**.

It is further **ORDERED** that defendant's request to admit pages 287–92 of the June 7, 2012 interview to complete the government's introduction of pages 289–91 is **GRANTED IN PART AND DENIED IN PART**. Specifically, page 292:1–19 may be admitted but not the other pages defendant seeks to admit.

It is further **ORDERED** that defendant's request to admit pages 313–23 of the June 7, 2012 interview to complete the government's introduction of pages 318–20 is **DENIED**.

It is further **ORDERED** that defendant's request to admit pages 278–83 of the June 8, 2012 interview to complete the government's introduction of pages 281–84 is **DENIED**.

It is further **ORDERED** that "I did work in Beijing" is a proper substitute for the text on 307:14 of the March 8, 2012 interview and that "And as a known case officer" is a proper substitute for the text on 307:16 of that interview.

It is further **ORDERED** that "I would handle the phone differently" is a proper substitute for the text on 186:15–17 of the December 4, 2012 interview.

The Clerk of Court is directed to provide a copy of this Order to all counsel of record.

Alexandria, Virginia,
April 15, 2019

/s/
T. S. Ellis, III
United States District Judge

3