REDACTED / CLEARED FOR PUBLIC RELEASE

Filed with the Classified
Information Security Officer
CISO [signature]
Date 12/14/2018

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) Criminal No. 1:18-cr-089 |
| JERRY CHUN SHING LEE, | ) |
| | ) |
| Defendant. | ) |

## ORDER

At issue in this Espionage Act[1] case are two multipart discovery requests made by the defendant Jerry Chun Shing Lee to which the government has objected.[2] The matter has been fully briefed and argued and is now ripe for disposition. For the reasons stated herein, defendant's discovery requests must be denied with the exception that the government must immediately produce or enter into the Classified Information Procedures Act[3] ("CIPA") process, pursuant to Rule 16, Fed. R. Crim. P., defendant's statements and co-conspirator statements admissible against defendant.[4]

### August 20, 2018 Motion for Discovery

1. The defendant seeks all previously undisclosed written, recorded, oral or observed statements made by the defendant and all co-conspirator statements admissible against the defendant,

---

[1] 18 U.S.C. § 792 et seq.

[2] The government originally objected to three discovery requests made by the defendant, but the defendant does not currently seek a ruling on his September 18, 2018 discovery letter because the government has represented that it is in the process of responding to the issues raised in the letter. See United States v. Lee, No. 1:18-cr-089, at *12 (E.D. Va. Nov. 2, 2018) (Def.'s Reply).

[3] 18 U.S.C.App. 3 § 1 et seq.

[4] The numbers by which the discovery disputes are identified below correspond to the numbers that the parties used to identify the discovery requests. Discovery requests that have been resolved by the parties are omitted.

1

REDACTED / CLEARED FOR PUBLIC RELEASE

including notes, summaries or memoranda concerning such statements. The government's response that it will provide all discoverable statements made by the defendant and his co-conspirators following the issuance of an order ruling on the government's next CIPA filing is unsatisfactory because it allows undue delay. Accordingly, with the exception of statements that must go through the CIPA process, the government must immediately produce, pursuant to Rule 16, Fed. R. Crim. P., defendant's statements and co-conspirator statements that are admissible against defendant.[5]

2. The defendant seeks prompt notice of the government's intent to use at trial any co-conspirator statements attributable to the defendant. The government represents that it will provide such notice no later than fifteen calendar days before trial. The defendant's request for earlier notice is obviated by the requirement that the government must disclose immediately all co-conspirator statements that are admissible against the defendant, with the exception of those that must go through the CIPA process. As such, the request must be denied.

4. The defendant objects to the government's plan to provide by December 5, 2018 all audio and audio-visual recordings that contain Rule 16, Fed. R. Crim. P., statements made by the defendant. The defendant seeks the immediate production of all such recordings. However, disclosure of these recordings by December 5, 2018 is reasonable because the government is in the process of redacting irrelevant and nondiscoverable information contained in the recordings. As such, the defendant's request for immediate production of all audio and audio-visual recordings must be denied, with the expectation that the government will produce such

---

[5] During oral argument on Thursday, November 8, 2018, the government was given until close of business on Tuesday, November 13, 2018 to produce defendant's discoverable statements and until close of business on Friday, November 16, 2018 to produce discoverable co-conspirator statements admissible against defendant. As these deadlines have now passed, the government must produce all such statements immediately, if it has not already done so.

2

REDACTED / CLEARED FOR PUBLIC RELEASE

recordings by December 5, 2018. Any redactions made to the recordings must be satisfactorily explained to the Court, *ex parte* if necessary.

5. The defendant seeks a description of (i) the location and format of all audio and audio-visual recordings and (ii) the participants involved in making such recordings. This request must be denied because the information sought is not discoverable under Rule 16, Fed. R. Crim. P.

7. The defendant requests all previously undisclosed documents material to preparing his defense pursuant to Rule 16(a), Fed. R. Crim. P. This request is vague and excessively broad and must be denied as such, although it is denied with the expectation that the government will produce promptly, or timely initiate the CIPA process for, all material that it possesses that is subject to discovery.

9. The defendant requests all undisclosed documents and property seized from the defendant. The government has offered to make arrangements with defense counsel to review, and where appropriate return, any items seized from the defendant at the time of his arrest. The defendant is dissatisfied with this response because his request was not limited to items seized at the time of his arrest but included the results of searches conducted pursuant to a FISA warrant or other court-issued search warrant. However, material obtained using FISA warrants has gone through the CIPA process and is not subject to discovery, and the government has represented that no other court-issued search warrants were executed. *See United States v. Lee*, No. 1:18-cr-89 (E.D. Va. Oct. 22, 2018) (Protective Order). Accordingly, because the material seized by the government pursuant to FISA warrants is not discoverable and the government has offered to make arrangements with defense counsel to review, and where appropriate return, the items seized at defendant's arrest, the discovery request must be denied.

3

10. The defendant has requested all information, investigative reports and documents in the possession of the United States government or any agency, person or country operating on its behalf concerning the two unindicted co-conspirators mentioned in the Indictment. This request must be denied as premature because the government has represented that the material requested that is potentially subject to discovery will be included in the CIPA filing due December 6, 2018.

11. The defendant similarly requests production of all information, investigative reports and documents in the possession of the United States government or any agency, person or country operating on its behalf concerning [REDACTED] defendant's business associate. This request must also be denied as premature because the government has represented that all potentially discoverable responsive material will be included in the CIPA filing due December 6, 2018.

12. The defendant seeks production of his CIA personnel file, [REDACTED] The government responded that it has already provided discovery regarding defendant's agency profile and assignments [REDACTED] The defendant argues that this information is needed to prove, *inter alia*, that defendant [REDACTED] did not violate the law, by recording or retaining the notebooks alleged to be classified. The government has represented that it possesses no information that could be used to prove that defendant [REDACTED] did not violate the law, by recording or retaining these notebooks. Accordingly, the discovery request must be denied.

4

13. The defendant similarly seeks disclosure of his training and agency experience, which the government contends has already been provided or is known to defendant. This request must also be denied

14. The defendant seeks agency training materials and records describing the methods of covert communication, surveillance detection and operational security in which defendant was trained. This request must be denied because neither the Constitution nor the Rules of Criminal Procedure entitle defendant to production of this information.

15. The defendant requests discovery of agency records describing his experience in counterintelligence techniques and operations. This request too must be denied because defendant has not established that he is entitled to production of this information pursuant to either the Constitution or the Rules of Criminal Procedure.

17. The defendant requests production of all documents referring to the meeting between defendant and the CIA officer described in the Indictment's second overt act. The government has represented that it has already provided most of the requested documents and that it will provide any outstanding documents, or enter them into the CIPA process, by December 5, 2018. As such, the defendant's request must be denied as premature.

18. The defendant similarly requests production of all documents referring to subsequent communications between the defendant and the CIA officer referred to in the Indictment's second overt act. Because the government has represented that it will produce any additional

conversations and emails between the defendant and the CIA officer, or include them in a CIPA filing, by December 5, 2018, defendant's request must be denied as premature.

20. The defendant requests all records of actions taken by the FBI, CIA, NSA or any domestic or foreign agencies, or persons operating on their behalf, following defendant's initial reports to agency officials that he had been approached by members of the People's Republic of China ("PRC") intelligence services. Defendant's discovery request must be denied because defendant is not entitled to records of all actions taken by the various intelligence agencies. Indeed, some of this information, addressed in the October 22, 2018 CIPA § 4 Order, is nondiscoverable. *See United States v. Lee*, No. 1:18-cr-89 (E.D. Va. Oct. 22, 2018) (Protective Order). However, the government has represented that it will provide any information possessed by the various intelligence agencies that is subject to discovery under Rule 16, Fed. R. Crim. P.

21. The defendant requests all classified cables he sent while employed by the CIA that relate to the Indictment's allegations. Although the government argues that the request is overbroad, the government has provided defense counsel with redacted versions of the cables relating to the entries in defendant's notebooks. According to the government, the redactions were made to omit information unrelated to this case. The defendant objected to the redactions on the ground that they will prejudice the jury by suggesting that the cables contain national defense information, one of the ultimate issues in this case. The defendant also objected to the government's supposed constraint that only defense counsel, and not the defendant, may view the cables. The government has represented that the defendant may view all cables that he sent and that it does not plan to introduce cables written by other individuals at trial. To mitigate the risk that the jury will be prejudiced by the redactions in the cables sent by

6

defendant, the jury will be informed that the mere fact that the cables contain redactions does not mean that the cables contain national defense information. As such, the defendant's request must be denied because defendant has been provided redacted versions of the cables related to the entries in his notebooks. Should defendant object to the cables' redactions, he may file a motion addressing the issue.

23. The defendant seeks production of documents containing information provided by Confidential Witness # 1 to the CIA, FBI, NSA and any government agency working on their behalf regarding Confidential Witness # 1's interaction with the two persons referred to in the Indictment's seventeenth overt act. The government has represented that it expects Confidential Witness # 1 to testify at trial. Pursuant to the Discovery Order in this case, the government must provide all Jencks Act and *Giglio* material relating to Confidential Witness # 1 no later than ten (10) calendar days before trial. *United States v. Lee*, No. 1:18-cr-89, at *4 (E.D. Va. June 22, 2018) (Discovery Order). Accordingly, the defendant's discovery request must be denied.

24. Relatedly, the defendant seeks disclosure of Confidential Witness # 1's employment records, cable traffic and job assignments while employed by the CIA [    ] Because the government has acknowledged its obligation to produce, or initiate the CIPA process for, all discoverable material involving Confidential Witness # 1, the request must be denied at this time.

25. The defendant requests all documents demonstrating his access to information about Confidential Witness # 1's activities while with the CIA. This request is vague and excessively broad and must be denied as such. The government must, however, produce all

7

discoverable because they may help prove that disclosure of the information by defendant would not injure the United States or aid a foreign government. The government responds that the mere fact that information was previously known by PRC officials or the Chinese government does not preclude the possibility that the information is national defense information. Furthermore, the government represents that it is unaware of any authorized disclosures of the information or the public status of the information. Accordingly, the request must be denied as moot, although the government is reminded that it has an obligation to produce *Brady* material.

34. The defendant requests copies of all applications for search warrants, intercepts or other court orders authorizing surveillance of the defendant. The government has represented that it already produced copies of discoverable court orders and that no criminal search warrants were executed. Additionally, materials related to FISA warrants are nondiscoverable pursuant to the October 22, 2018 CIPA § 4 Order. *See United States v. Lee*, No. 1:18-cr-89 (E.D. Va. Oct. 22, 2018) (Protective Order). As such, the request must be denied because the government has produced all discoverable information responsive to defendant's request.

35. The defendant requests all previously undisclosed documents regarding FTM International ("FTM"), FTM's business activities and FTM's business partners obtained pursuant to any Mutual Legal Assistance Treaty request or from any foreign or domestic bank, financial institution or taxing and licensing authority that relates in any way to the Indictment's allegations. Although this request must be denied as vague and excessively broad, the government has represented that it will produce additional communications and records regarding FTM by December 5, 2018.

9

36. The defendant seeks production of all previously undisclosed records acquired from any third-party provider of email accounts, telephone services or other means of communication. The government has represented that it has provided all such material that it is obligated to produce pursuant to Rule 16, Fed. R. Crim. P., and thus the request must be denied as moot.

39. The defendant seeks disclosure of (i) the date that all classified documents first became classified, (ii) whether the classification is original or derivative and (iii) the duration of the classification. This information is not discoverable under Rule 16, Fed. R. Crim. P., and thus defendant's request must be denied.

40. Relatedly, the defendant seeks disclosure of the identities of the government officials who made the classification decision for all classified documents in this case. This information is not discoverable under Rule 16, Fed. R. Crim. P., and thus defendant's request must be denied.

### October 11, 2018 Discovery Letter

The following discovery requests relate to transcripts, provided to the defendant, of a two-day interview with [redacted] conducted [redacted].

1. The defendant requests the identity of [redacted] interviewers. The government has already provided the name of the FBI interviewer and, during oral argument on November 8, 2018, represented that it would comply with the Court's requirement that the second interviewer be identified by December 5, 2018. As such, the defendant's request must be denied as moot.

3. The defendant seeks production of an audio-visual recording of the interview. The government represented that it possesses an audio recording and an audio-visual recording, both of which it intends to provide to defendant by December 5, 2018. As discussed above,

this deadline is reasonable because the government is in the process of redacting irrelevant and nondiscoverable information. As such, the defendant's request must be denied as moot, with the expectation that the government will produce such recordings by December 5, 2018. Any redactions made to the recordings must be satisfactorily explained to the Court, *ex parte* if necessary.

4. The defendant requests disclosure of the identities of all United States or foreign persons who were involved in obtaining information ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ However, these persons' identities are not discoverable pursuant to Rule 16, Fed. R. Crim. P., and thus defendant's request must be denied.

5. The defendant seeks production of all records ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ The government has represented that, although it has produced most information ▮▮▮▮▮▮▮▮ it will produce any documents regarding ▮▮▮▮▮▮▮▮ by December 5, 2018. Accordingly, the request must be denied as moot.

6. The defendant seeks discovery of records ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ The government has represented that it will disclose or initiate the CIPA process for all such discoverable material by December 5, 2018. As such, the defendant's request must be denied as moot.

11

7. The defendant seeks records of all information provided by [redacted] [redacted] that is not expressly reflected in the transcripts already produced. This request must be denied as excessively broad. However, the government must comply with its representation that it will produce, or include in its December 6, 2018 CIPA filing, all responsive information that it is obligated to produce to the defendant or submit to the Court pursuant to CIPA.

8. The defendant seeks disclosure of all reports of investigations [redacted] conducted by the CIA, FBI or other governmental agencies involved in the investigation of this case. This request is excessively broad and thus must be denied. However, the government has acknowledged its obligation to produce, or enter into the CIPA process, all *Brady*, Jencks Act and *Giglio* material.

9. The defendant seeks production of all records regarding [redacted] obtained by the United States, including [redacted] bank, telephone and email records. This request must be denied as excessively broad. However, the government is reminded of its obligation to produce promptly, or timely initiate the CIPA process for, all discoverable material, including *Brady*, *Giglio* and Jencks Act material.

11. The defendant requests disclosure of (i) the identities of all government officers, agents and employees involved in the decision not to arrest or prosecute [redacted] and (ii) the reasons for that decision. This request too must be denied as excessively broad and calling for the production of material not subject to discovery under Rule 16, Fed. R. Crim. P.

13. The defendant seeks production of all documents signed or produced by [redacted] before, during and after the interviews. This request must also be denied as excessively broad,

12

although the government has represented that it will produce, or enter into the CIPA process, additional information provided [ ] by December 5, 2018.

15. The defendant seeks disclosure of the result of all forensic examinations performed on [ ] computer(s) [ ] and other electronic media. This request is excessively broad and thus must be denied. However, the government has represented that it will provide any information relating to forensic examinations that exists and is discoverable pursuant to Rule 16, Fed. R. Crim. P.

16. The defendant requests production of all records of any planning sessions conducted by government officers, agents and employees prior to [ ] interview. This request must be denied because the material sought is work product and not subject to discovery under Rule 16, Fed. R. Crim. P.

17. The defendant requests disclosure of information about when classification review began assessing [ ] interview and the reason(s) for the delay in producing transcripts of the interview to the defendant. The information is not subject to discovery under Rule 16, Fed. R. Crim. P., and thus the request must be denied.

18. The defendant seeks disclosure of all correspondence or communication of any sort between [ ] and the United States government between 2010 and the present. This request must be denied as excessively broad, although the government must disclose any communications or correspondence between the government and the defendant that is discoverable pursuant to Rule 16, Fed. R. Crim. P.

19. Finally, the defendant requests production of all correspondence or communications of any sort between the defendant and any alleged PRC Ministry of State Security agent derived

13

REDACTED / CLEARED FOR PUBLIC RELEASE

from information obtained from ▮ The government has represented that no such correspondence or communications exist. As such, the request must be denied as moot.

Accordingly, and for good cause,

It is hereby **ORDERED** that defendant's discovery requests dated August 20, 2018 and October 11, 2018 are **GRANTED IN PART** and **DENIED IN PART** as indicated above.

The Court Security Officer is directed to provide a copy of this Order to the government and the defendant.

Alexandria, Virginia
December 4, 2018

T. S. Ellis, III
United States District Judge

14