REDACTED / CLEARED FOR PUBLIC RELEASE

*[handwritten: Filed with the Classified Information Security Officer CISO MPeters Date 8/14/2019]*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN THE DISTRICT OF VIRGINIA
### Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No.: 1:18-CR-89 |
| | ) | |
| v. | ) | |
| | ) | |
| JERRY CHUN SHING LEE, | ) | UNDER SEAL |
| | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

(U) This matter is before the Court on the the Defendant's Third, Fourth, and Fifth Notices of Intent to Disclose Classified Information (Dkt. Nos. 79, 94, and 95), as well as the government's Objections to those Notices (Dkt. Nos. 83, 104). The Notices and Objections were filed In Camera and Under Seal pursuant to the Classified Information Procedures Act ("CIPA"), 18 U.S.C. App. III. The parties met, conferred, and reached certain agreements regarding the classified information at issue. For good cause shown, after considering the nature of the information in question, the documentary evidence and anticipated testimony to be presented at trial, the charges against the defendant, any possible defenses thereto, and the arguments of the parties, the Court hereby GRANTS, in part, the government's Motion to exclude the classified information resolved herein.

(U) Having considered the arguments of both parties, the Court finds that the classified information referenced in the defendant's Notices implicates the government's classified information privilege because the information is properly classified and its disclosure could cause serious, and in some cases exceptionally grave, damage to the national security of the

1

United States. The Court finds that none of the classified information addressed herein is exculpatory. See Brady v. Maryland, 373 U.S. 83 (1963).

(U) Additionally, the Court finds that the "relevant and helpful" standard articulated in United States v. Roviaro, 353 U.S. 53 (1957), and United States v. Yunis, 867 F.2d 617 (D.C. Cir. 1989), is the appropriate standard by which to analyze whether the defendant may publicly disclose classified evidence in his defense where, as here, the government has properly invoked the classified information privilege. See also United States v. Sarkissian, 841 F.2d 959 (9th Cir. 1988); United States v. Smith, 780 F.2d 1102, 1110 (4th Cir. 1985). To this end, the Court finds that in applying the Roviaro/Yunis standard, none of the classified information resolved by this Order is relevant and helpful to the defense. The Court further notes that, even where classified information is relevant and helpful to the defense, the classified information privilege is not overcome unless a balancing of the need to protect the government's information against the defendant's interest in disclosure weighs in favor of the disclosure. See Smith, 780 F.2d at 1110. Given that none of the classified information resolved by the Order is relevant and helpful to his defense, the Court need not reach that balancing test here.

(U) Having considered briefing and the agreements of the parties on these matters, and in light of the findings that the information resolved by this Order is not relevant and helpful to the defense, and that disclosure thereof implicates serious national security concerns, the Court finds that the classified information described below shall be excluded from public disclosure, at trial or otherwise, in this matter. The Court further finds that any substitutions made by the government and approved by the defendant are appropriate because they "provide the defendant with substantially the same ability to make his defense as would disclosure of the specified classified information." 18 U.S.C. app. III § 6(c); see Smith, 780 F.2d at 1105:

REDACTED / CLEARED FOR PUBLIC RELEASE

The true names of the following persons, who are or were employed by the Central Intelligence Agency ("CIA") in covert capacities: ▓▓▓ The Court will consider further protections for certain witnesses at the hearing on the government's affirmative CIPA section 6 motion.

Item 1[1] – Photographs of the Defendant's Notebooks: Any information that is classified and not part of the Government's Notice pursuant to section 10 of CIPA.

Items 4 and 5 – Transcripts of Discussions Between ▓▓▓ and Jerry Lee ▓▓▓ The government has prepared unclassified versions of these transcripts. The unclassified versions, to which the Defendant has no objection, protect classified CIA information regarding the assignments of a covert CIA employee, information revealing sensitive intelligence tradecraft regarding the use of cover, and information regarding clandestine CIA intelligence operations.

Item 6 – FD-302 of ▓▓▓ : The government produced an unclassified version of this document. The defendant has no objection to the unclassified version. The unclassified version protects classified CIA information regarding ▓▓▓ the identities of other covert CIA officers, ▓▓▓ and the existence of CIA operational activity, including the recruitment of and communication with human sources.

---

[1] (U) This Order follows the numbering set forth in the Defendant's Notices and adopted by the government.

3

Items 7 and 8 – FD-302 of [REDACTED]: The defendant shall not disclose, or question any witness regarding, [REDACTED]. The defendant may question [REDACTED] and other witnesses about bias towards Mr. Lee and, with regard to witnesses and [REDACTED] whether any such bias arose from workplace friction.

Item 9 – FD-302 of [REDACTED]: The government produced an unclassified version of this document. The defendant has no objection to the unclassified version.

Item 10 – FD-302 of [REDACTED]: The government produced an unclassified version of this document. The defendant has no objection to the unclassified version. The unclassified version protects [REDACTED] and information regarding clandestine CIA intelligence operations conducted in a foreign country [REDACTED].

Item 11 – FD-302 of [REDACTED]: The government is preparing an unclassified version of this document. The unclassified version protects [REDACTED] and information regarding clandestine CIA intelligence operations conducted in a foreign country. The defendant has no objection to the unclassified version, which will contain a substitution regarding the fact that [REDACTED].

Items 12 and 13 – FD-302 of [ ]

[ ] The government produced unclassified versions of these documents. The defendant has no objection to the unclassified versions, provided the Government does not intend to offer evidence regarding [ ] Classified information regarding [ ] are not part of the government's section 10 notice. The unclassified versions protect other pieces of classified information such as the names and assignments of covert CIA employees.

Item 14 – FD-302 of [ ] The government is preparing an unclassified version of this document. The defense has no objection to the unclassified version, which contains a substitution regarding [ ]

Items 15 and 16 – FD-302s of [ ]

[ ] The government produced unclassified versions of these documents. The defendant has no objection to the unclassified versions. The unclassified versions protect classified CIA information regarding [ ] details regarding the assignments of a covert CIA employee, and clandestine CIA intelligence activities.

Items 17 and 18 – FD-302s of [ ]

[ ] The government produced unclassified versions of these documents. The defendant has no objection to the unclassified versions. The unclassified versions protect classified CIA information regarding the identity and assignments of covert CIA employees, [ ] [ ] physical and informational

5

security measures ▓▓▓

Item 19 – FD-302 of ▓▓▓ The government produced an unclassified version of this document. The defendant has no objection to the unclassified version. The unclassified version protects classified CIA information regarding ▓▓▓ the identities of other covert CIA officers, ▓▓▓ and the existence of CIA operational activity.

Item 21 – FD-302 of ▓▓▓ The government produced an unclassified version of this document. The defendant has no objection to the unclassified version. The unclassified version protects classified CIA information regarding ▓▓▓ the identities of other covert CIA officers, ▓▓▓ and the existence of CIA operational activity, including the recruitment of and communication with human sources.

Item 22 – FD-302 of ▓▓▓ The government produced an unclassified version of this document. The defendant has no objection to the unclassified version. The unclassified version protects classified CIA information regarding ▓▓▓ the identities of other covert CIA officers, ▓▓▓ and the

existence of CIA operational activity, including the recruitment of and communication with human sources.

Item 23 – FD-302 of Jerry Lee (May 22, 2013): The defendant shall not disclose or question any witness regarding [redacted]

Item 24 – FD-302 of Jerry Lee (May 28, 2013): The parties shall refer to [redacted] as a colleague of Mr. Lee from a United States Government agency other than the CIA.

Items 27 and 28 – FD-302s of Jerry Lee (June 4, 2013): The government produced unclassified versions of these documents. The defense has no objection to the unclassified versions, which protect classified information regarding CIA counterintelligence and capabilities.

Items 29 and 30 – Recording and Transcript of the January 2018 Pre-Arrest Interview: The government is preparing unclassified versions of these items, to which the defendant has no objection. The classified version contains redactions to protect classified information regarding the CIA's [redacted]

Item 31 – Cable Regarding Lee's Self-Report (May 2010): The government intends to produce an unclassified version of this document, which protects classified information regarding [redacted]. The unclassified version will contain a substitution regarding the location where Lee met with [redacted]. The substitution will state that Lee and [redacted] met in a location outside of the United States other than [redacted].

Item 33 – Lee's Online CIA Employment Application: The government produced an unclassified version of this document. The defense has no objection to the

REDACTED / CLEARED FOR PUBLIC RELEASE

unclassified version, which protects classified information concerning [ ] Lee's assignments as well as counterintelligence methods employed by the CIA during the hiring process.

⊢Items 34 and 35 – FD-302s of [ ] The government produced unclassified versions of these documents. The defense has no objection to the unclassified versions, which protect classified information regarding the presence of CIA employees, [ ]

Item 42, Group 1, Document 3 was withdrawn by the defendant.

Item 42, Group 1, Document 4 was withdrawn by the defendant.

Item 42, Group 1, Document 5 was withdrawn by the defendant.

Item 43, Document 3 was withdrawn by the defendant.

Item 44 – Portion of Transcript from Meeting Between [ ] and Lee [ ] [ ] Because this case does not concern the disappearance of assets [ ] [ ] the parties agree that the portion of the conversation noticed by the defendant is irrelevant and not helpful to the defense. Therefore, it is excluded.

The parties reached the following agreements regarding the defendant's potential testimony (noticed in his Fifth Notice of Intent to Disclose Classified Information):

- The defendant shall not disclose the true names of any former CIA colleagues whose CIA affiliation remains covert, including but not limited to the employees named herein;
- The defendant shall not disclose the fact that he received [ ] training;

- The defendant shall not disclose [REDACTED]

(U) Accordingly, it is **ORDERED** that the classified information resolved by this Order, as specified above, is inadmissible for the reasons set forth in this order, as required by CIPA Section 6(a); it is further

(U) **ORDERED** that the defendant, his counsel, his representatives, and his witnesses (collectively, the "defendant"), are precluded from disclosing the classified information resolved by the Order in any manner in connection with any trial or pretrial proceeding in this case, whether directly, indirectly, or derivatively, as documentary exhibits or oral testimony or jury addresses, including introducing, eliciting, posing hypotheticals concerning, releasing, speculating about the nature of, direct- or cross-examining witnesses about, publicly commenting on, creating or using exhibits containing, or otherwise referencing classified information; it is further

(U) **ORDERED** that with respect to any information that the government has produced in an unclassified, redacted version, the defendant is prohibited from disclosing, introducing, eliciting, posing hypotheticals concerning, releasing, speculating about the nature of, direct- or cross-examining witnesses about, publicly commenting on, creating or using exhibits containing, or otherwise referencing classified information beyond the specific language in the unclassified versions of the documents, in any manner in connection with any trial or pretrial proceedings in this case, it is further

(U) **ORDERED** that the defendant's Third, Fourth, and Fifth Notices of Intent to Disclose Classified Information (Dkt. Nos. 79, 94, and 95), as well as the government's

REDACTED / CLEARED FOR PUBLIC RELEASE

Objections and Responses to those Notices (Dkt. Nos. 83, 104), and the defendant's Replies thereto, and accompanying Declarations and exhibits, and this Order shall be sealed and maintained in a facility appropriate for the storage of such classified information by the Classified Information Security Officer as the designee of the Clerk of Court, in accordance with established security procedures, for any future review, until further order of this Court.

(U) IT IS SO ORDERED, on this 14th day of March, 2019.

T.S. ELLIS, III
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF VIRGINIA

Copies via Classified Information Security Officer to:

W. Neil Hammerstrom Jr.
Assistant United States Attorney
United States Attorney's Office
Eastern District of Virginia
2100 Jamieson Ave.
Alexandria, VA 22314

Adam L. Small
Patrick T. Murphy
Trial Attorneys
National Security Division
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, D.C. 20005

REDACTED / CLEARED FOR PUBLIC RELEASE

REDACTED / CLEARED FOR PUBLIC RELEASE

Attorneys for Defendant

Nina J. Ginsberg
DiMuroGinsberg PC
1101 King Street, Suite 610
Alexandria, VA 22314

Edward B. MacMahon, Jr.
Edward B. MacMahon, Jr., PLC
107 East Washington Street
PO Box 25
Middleburg, VA 20118

REDACTED / CLEARED FOR PUBLIC RELEASE