REDACTED / CLEARED FOR PUBLIC RELEASE

Filed with the Classified
Information Security Officer
CISO_M.Peders_
Date 4/12/2019

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN THE DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | UNDER SEAL |
| | ) | |
| v. | ) | Criminal No.: 1:18-CR-89 |
| | ) | |
| JERRY CHUN SHING LEE, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

(U) This matter is before the Court on the the Defendant's Third, Fourth, Fifth, Sixth, and Seventh Notices of Intent to Disclose Classified Information, as well as the government's Objections to those Notices. The Notices and Objections were filed In Camera and Under Seal pursuant to the Classified Information Procedures Act ("CIPA"), 18 U.S.C. App. III. The parties met, conferred, and reached certain agreements regarding the classified information at issue. For good cause shown, after considering the nature of the information in question, the documentary evidence and anticipated testimony to be presented at trial, the charges against the defendant, any possible defenses thereto, and the arguments of the parties, the Court hereby GRANTS, in part, the government's Motion to ~~exclude~~ *exclude, substitute or provide a summary of* the classified information resolved herein.

(U) The Court finds that the classified information referenced in the defendant's Notices implicates the government's classified information privilege because the information is properly classified and its disclosure could cause serious, and in some cases exceptionally grave, damage to the national security of the United States. The Court finds that none of the classified information addressed herein is exculpatory. See Brady v. Maryland, 373 U.S. 83 (1963).

REDACTED / CLEARED FOR PUBLIC RELEASE

(U) Additionally, the Court finds that the "relevant and helpful" standard articulated in United States v. Roviaro, 353 U.S. 53 (1957), and United States v. Yunis, 867 F.2d 617 (D.C. Cir. 1989), is the appropriate standard by which to analyze whether the defendant may publicly disclose classified evidence in his defense where, as here, the government has properly invoked the classified information privilege. See United States v. Sarkissian, 841 F.2d 959 (9th Cir. 1988); United States v. Smith, 780 F.2d 1102, 1110 (4th Cir. 1985). To this end, the Court finds that in applying the Roviaro/Yunis standard, some of the classified information resolved by this Order is not relevant and helpful to the defense. As for the remainder, the Court finds that the substitutions herein made by the government and approved by the defendant are appropriate because they "provide the defendant with substantially the same ability to make his defense as would disclosure of the specified classified information." 18 U.S.C. App. III § 6(c); see Smith, 780 F.2d at 1105.

(U) The defense has lodged an objection to the use of [REDACTED] as a substitution for [REDACTED]. These substitutions occur on many of the documents. The parties have agreed to defer ruling on that issue so that the Court can rule on the substance of the documents listed below.

Item 7 – [REDACTED] FD-302 of [REDACTED] – The Court finds that the unclassified version of the document is an appropriate substitution. The Court directs the government to add on page 2 that [REDACTED]

Item 14 – [REDACTED] FD-302 of [REDACTED] – The parties have reached agreement on an unclassified version of the document. The unclassified version of the

REDACTED / CLEARED FOR PUBLIC RELEASE

document protects ▓▓▓

Item 20 – ▓▓▓ FD-302 of ▓▓▓ – The parties have reached agreement on an unclassified version of the document. The unclassified version of the document protects ▓▓▓

Item 23 – May 22, 2013 FD-302 of Jerry Lee – The parties have reached agreement on an unclassified version of the document. The unclassified version of the document protects ▓▓▓

Item 24 – May 28, 2013 FD-302 of Jerry Lee – The parties have reached agreement on an unclassified version of the document. The unclassified version of the document protects ▓▓▓

Item 26 – Lee Two-Page ▓▓▓ Narrative – The parties reached agreement on an unclassified version of the document. The unclassified version protects ▓▓▓

Item 33 – Lee's CIA Profile – The parties reached agreement on an unclassified version of the document. The unclassified version protects ▓▓▓

REDACTED - CLEARED FOR PUBLIC RELEASE

Items 48 and [ ] – FD-302 Memorializing [ ] Interview with [ ]
[ ] – The parties have reached agreement on an unclassified version of the document. The unclassified version of the FD-302 protects [ ] The Court finds that the third paragraph on page one should include the fact that [ ]

Item 49 – [ ] Transcript [ ] of Jerry Lee and [ ] – The parties have reached agreement on an unclassified version of the document. The unclassified versions of the transcript [ ] protect [ ]

REDACTED, CLEARED FOR PUBLIC RELEASE

Item 50 – ▮▮▮ Transcript ▮▮▮ of Jerry Lee and ▮▮▮ – The parties agreed on the following summary ▮▮▮

▮▮▮

As noted above, this agreement is still subject to the anticipated Court ruling on the use of ▮▮▮

Item 52 – ▮▮▮ Email ▮▮▮ – The parties reached agreement on an unclassified version of the document. The unclassified version protects ▮▮▮ The Court directs the government to modify the redactions on page 2 of the email as follows: ▮▮▮

Item 57 – ▮▮▮ Email Written by ▮▮▮ – The Court directs the government to remove the redactions over the final paragraph of the document. The Court finds that the government may substitute ▮▮▮

Items 58 and 59 – Transcripts ▮▮▮ of ▮▮▮ Between the defendant and ▮▮▮ – The Court finds that the defendant may inquire ▮▮▮ The defendant may further inquire ▮▮▮ The Court finds that the defendant may not inquire ▮▮▮

REDACTED, CLEARED FOR PUBLIC RELEASE

Items 60 and 61[1] – ▮▮▮▮▮ Email ▮▮▮▮▮ – The parties have reached agreement on an unclassified version of the document. The unclassified version of the email protects ▮▮▮▮▮

▮▮▮▮▮

Item 63 – Email Regarding ▮▮▮▮▮ – The parties reached agreement on an unclassified version of the document. The unclassified version protects ▮▮▮▮▮

▮▮▮▮▮

(U) Accordingly, it is **ORDERED** that the classified information resolved by this Order, as specified above, is inadmissible for the reasons set forth in this order, as required by CIPA Sections 6(a) and 6(c); it is further

(U) **ORDERED** that the defendant, his counsel, his representatives, and his witnesses (collectively, the "defendant"), are precluded from disclosing the classified information resolved by the Order in any manner in connection with any trial or pretrial proceeding in this case,

---

[1] (U) This Order follows the numbering set forth in the Defendant's Notices and adopted by the government.

whether directly, indirectly, or derivatively, as documentary exhibits or oral testimony or jury addresses, including introducing, eliciting, posing hypotheticals concerning, releasing, speculating about the nature of, direct- or cross-examining witnesses about, publicly commenting on, creating or using exhibits containing, or otherwise referencing classified information; it is further

(U) **ORDERED** that with respect to any information that the government has produced in an unclassified, redacted version, the defendant is prohibited from disclosing, introducing, eliciting, posing hypotheticals concerning, releasing, speculating about the nature of, direct- or cross-examining witnesses about, publicly commenting on, creating or using exhibits containing, or otherwise referencing classified information beyond the specific language in the unclassified versions of the documents, in any manner in connection with any trial or pretrial proceedings in this case, it is further

(U) **ORDERED** that the defendant's Third, Fourth, Fifth, Sixth, and Seventh Notices of Intent to Disclose Classified Information, as well as the government's Objections and Responses to those Notices, and the defendant's Replies thereto, and accompanying Declarations and exhibits, and this Order shall be sealed and maintained in a facility appropriate for the storage of such classified information by the Classified Information Security Officer as the designee of the Clerk of Court, in accordance with established security procedures, for any future review, until further order of this Court.

(U) IT IS SO ORDERED, on this \_\_12\_\_ day of \_\_April\_\_, 2019.

T. S. ELLIS, III
UNITED STATES DISTRICT JUDGE

Copies via Classified Information Security Officer to:

W. Neil Hammerstrom Jr.
Assistant United States Attorney
United States Attorney's Office
Eastern District of Virginia
2100 Jamieson Ave.
Alexandria, VA 22314

Adam L. Small
Patrick T. Murphy
Trial Attorneys
National Security Division
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, D.C. 20005

Attorneys for Defendant:

Nina J. Ginsberg
DiMuroGinsberg PC
1101 King Street, Suite 610
Alexandria, VA 22314

Edward B. MacMahon, Jr.
Edward B. MacMahon, Jr., PLC
107 East Washington Street
PO Box 25
Middleburg, VA 20118