REDACTED / CLEARED FOR PUBLIC RELEASE

Filed with the Classified
Information Security Officer
CISO
Date

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN THE DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | UNDER SEAL |
| | ) | |
| v. | ) | Criminal No.: 1:18-CR-89 |
| | ) | |
| JERRY CHUN SHING LEE, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

(U) This matter is before the Court on the the Defendant's Third, Fourth, Fifth, Sixth, and Seventh Notices of Intent to Disclose Classified Information, as well as the government's Objections to those Notices. The Notices and Objections were filed In Camera and Under Seal pursuant to the Classified Information Procedures Act ("CIPA"), 18 U.S.C. App. III. The parties met, conferred, and reached certain agreements regarding the classified information at issue. For good cause shown, after considering the nature of the information in question, the documentary evidence and anticipated testimony to be presented at trial, the charges against the defendant, any possible defenses thereto, and the arguments of the parties, the Court hereby **GRANTS**, in part, the government's Motion to exclude the classified information resolved herein.

(U) The Court finds that the classified information referenced in the defendant's Notices implicates the government's classified information privilege because the information is properly classified and its disclosure could cause serious, and in some cases exceptionally grave, damage to the national security of the United States. The Court finds that none of the classified information addressed herein is exculpatory. See Brady v. Maryland, 373 U.S. 83 (1963).

REDACTED / CLEARED FOR PUBLIC RELEASE

(U) Additionally, the Court finds that the "relevant and helpful" standard articulated in United States v. Roviaro, 353 U.S. 53 (1957), and United States v. Yunis, 867 F.2d 617 (D.C. Cir. 1989), is the appropriate standard by which to analyze whether the defendant may publicly disclose classified evidence in his defense where, as here, the government has properly invoked the classified information privilege. See United States v. Sarkissian, 841 F.2d 959 (9th Cir. 1988); United States v. Smith, 780 F.2d 1102, 1110 (4th Cir. 1985). To this end, the Court finds that in applying the Roviaro/Yunis standard, some of the classified information resolved by this Order is not relevant and helpful to the defense. As for the remainder, the Court finds that the substitutions herein made by the government and approved by the defendant are appropriate because they "provide the defendant with substantially the same ability to make his defense as would disclosure of the specified classified information." 18 U.S.C. App. III § 6(c); see Smith, 780 F.2d at 1105.

Item 46 – The scope of surveillance used by the government in the course of the investigation of the defendant – The parties agreed on the following summary as to the scope of surveillance employed by law enforcement:

[redacted box]

REDACTED / CLEARED FOR PUBLIC RELEASE

REDACTED / CLEARED FOR PUBLIC RELEASE

Item 53 – [redacted] Transcript [redacted] Between Jerry Lee and [redacted] – The parties have reached agreement on an unclassified version of the document. The unclassified version of the transcript protects [redacted]

Item 54 – [redacted] Transcript [redacted] Between Jerry Lee and [redacted] – The parties have reached agreement on an unclassified version of the document. The unclassified version of the transcript protects [redacted]

(U) Accordingly, it is **ORDERED** that the classified information resolved by this Order, as specified above, is inadmissible for the reasons set forth in this order, as required by CIPA Sections 6(a) and 6(c); it is further

(U) **ORDERED** that the defendant, his counsel, his representatives, and his witnesses (collectively, the "defendant"), are precluded from disclosing the classified information resolved by the Order in any manner in connection with any trial or pretrial proceeding in this case, whether directly, indirectly, or derivatively, as documentary exhibits or oral testimony or jury addresses, including introducing, eliciting, posing hypotheticals concerning, releasing, speculating about the nature of, direct- or cross-examining witnesses about, publicly commenting on, creating or using exhibits containing, or otherwise referencing classified information; it is further

(U) **ORDERED** that with respect to any information that the government has produced in an unclassified, redacted version, the defendant is prohibited from disclosing, introducing,

REDACTED / CLEARED FOR PUBLIC RELEASE

eliciting, posing hypotheticals concerning, releasing, speculating about the nature of, direct- or cross-examining witnesses about, publicly commenting on, creating or using exhibits containing, or otherwise referencing classified information beyond the specific language in the unclassified versions of the documents, in any manner in connection with any trial or pretrial proceedings in this case, it is further

(U) **ORDERED** that the defendant's Third, Fourth, Fifth, Sixth, and Seventh Notices of Intent to Disclose Classified Information, as well as the government's Objections and Responses to those Notices, and the defendant's Replies thereto, and accompanying Declarations and exhibits, and this Order shall be sealed and maintained in a facility appropriate for the storage of such classified information by the Classified Information Security Officer as the designee of the Clerk of Court, in accordance with established security procedures, for any future review, until further order of this Court.

(U) With respect to the document known as the "[REDACTED] document," the government proposes to use the silent witness rule with respect to several entries. The defense does not object to this particular use of the silent witness rule. Accordingly, it is hereby **ORDERED** that with respect to the final three entries on the document the direct testimony and cross examination shall not elicit [REDACTED]

[REDACTED]

REDACTED - CLEARED FOR PUBLIC RELEASE

REDACTED - CLEARED FOR PUBLIC RELEASE

REDACTED / CLEARED FOR PUBLIC RELEASE

(U) The Court finds that these protections serve an important governmental interest in protecting classified ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ Moreover, there is no reasonable alternative to the use of the silent witness rule with respect to these three entries, and its use does not inhibit the defendant from presenting a defense or cross-examining witnesses.

(U) IT IS SO ORDERED, on this 12th day of April, 2019.

T. S. ELLIS III
UNITED STATES DISTRICT JUDGE

Copies via Classified Information Security Officer to:

W. Neil Hammerstrom Jr.
Assistant United States Attorney
United States Attorney's Office
Eastern District of Virginia
2100 Jamieson Ave.
Alexandria, VA 22314

Adam L. Small
Patrick T. Murphy
Trial Attorneys
National Security Division
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, D.C. 20005

REDACTED / CLEARED FOR PUBLIC RELEASE

Attorneys for Defendant:

Nina J. Ginsberg
DiMuroGinsberg PC
1101 King Street, Suite 610
Alexandria, VA 22314

Edward B. MacMahon, Jr.
Edward B. MacMahon, Jr., PLC
107 East Washington Street
PO Box 25
Middleburg, VA 20118