REDACTED / CLEARED FOR PUBLIC RELEASE

Filed with the Classified Information Security Officer
CISO
Date 4/18/19

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN THE DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | UNDER SEAL |
| | ) | |
| v. | ) | Criminal No.: 1:18-CR-89 |
| | ) | |
| JERRY CHUN SHING LEE, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

(U) This matter is before the Court on the the Defendant's Notices of Intent to Disclose Classified Information; the government's Objections to those Notices; and the government's Notice of National Defense Information Pursuant to Classified Information Procedures Act ("CIPA"), 18 U.S.C. App. III, Section 10 and Motion for a Protective Order Pursuant to CIPA Section 6 and Federal Rule of Criminal Procedure 16(b)(1). The Notices, Objections, and Motion were filed In Camera and Under Seal pursuant to CIPA. The parties met, conferred, and reached certain agreements regarding the classified information at issue. For good cause shown, after considering the nature of the information in question, the documentary evidence and anticipated testimony to be presented at trial, the charges against the defendant, any possible defenses thereto, and the arguments of the parties, the Court hereby GRANTS, in part, and DENIES, in part, the Defendant's Notices, the government's Objections, and the government's Motion for Protection of Certain classified information.

(U) The Court finds that the classified information referenced in the defendant's Notices implicates the government's classified information privilege because the information is properly classified and its disclosure could cause serious, and in some cases exceptionally grave, damage

REDACTED / CLEARED FOR PUBLIC RELEASE

to the national security of the United States. The Court finds that none of the classified information addressed herein is exculpatory. See Brady v. Maryland, 373 U.S. 83 (1963).

(U) Additionally, the Court finds that the "relevant and helpful" standard articulated in United States v. Roviaro, 353 U.S. 53 (1957), and United States v. Yunis, 867 F.2d 617 (D.C. Cir. 1989), is the appropriate standard by which to analyze whether the defendant may publicly disclose classified evidence in his defense where, as here, the government has properly invoked the classified information privilege. See United States v. Sarkissian, 841 F.2d 959 (9th Cir. 1988); United States v. Smith, 780 F.2d 1102, 1110 (4th Cir. 1985). To this end, the Court finds that in applying the Roviaro/Yunis standard, some of the classified information resolved by this Order is not relevant and helpful to the defense. As for the remainder, the Court finds that the substitutions herein made by the government and approved by the defendant are appropriate because they "provide the defendant with substantially the same ability to make his defense as would disclosure of the specified classified information." 18 U.S.C. App. III § 6(c); see Smith, 780 F.2d at 1105.

With regard to the photographs of the two notebooks possessed by the defendant, the government may substitute [REDACTED]

The government is directed to prepare [REDACTED]

REDACTED / CLEARED FOR PUBLIC RELEASE

The government may not introduce into evidence a version of the ▓▓▓ document that contains classification markings. ▓▓▓

The parties shall use the following summary ▓▓▓

(U) ▓▓▓ The government agrees to lift the redaction on page 184, lines 14 and 15.

June 7, 2012 Interview: The government may introduce pages 145-74 regarding ▓▓▓ Under the Rule of Completeness, the government must introduce evidence or testimony to establish ▓▓▓ Pages 181-82, which the defendant offered under the Rule of Completeness, are not admissible.

June 7, 2012 Interview: The Court approves of the redaction on page 203, lines 21 and 22. The defendant may establish through cross examination that ▓▓▓

REDACTED / CLEARED FOR PUBLIC RELEASE

REDACTED / CLEARED FOR PUBLIC RELEASE

December 4, 2012 Interview: The Court directs the government to lift the redactions on page 182 regarding ▮▮▮▮▮ ▮▮▮▮▮ The Court directs the government to ▮▮▮▮▮ ▮▮▮▮▮ The government may introduce pages 142-147. The defendant, under the Rule of Completeness, offered pages 132-38. These pages are not admissible as they are unrelated entirely.

December 7, 2012 Interview: The government may introduce pages 138-42. The defendant, under the Rule of Completeness, offered pages 143-61. These pages are not admissible under the Rule of Completeness. The Court may revisit whether they are admissible ▮▮▮▮▮

(U) **ORDERED** that the defendant, his counsel, his representatives, and his witnesses (collectively, the "defendant"), are precluded from disclosing the classified information resolved by the Order in any manner in connection with any trial or pretrial proceeding in this case, whether directly, indirectly, or derivatively, as documentary exhibits or oral testimony or jury addresses, including introducing, eliciting, posing hypotheticals concerning, releasing, speculating about the nature of, direct- or cross-examining witnesses about, publicly commenting on, creating or using exhibits containing, or otherwise referencing classified information; it is further

(U) **ORDERED** that with respect to any information that the government has produced in an unclassified, redacted version, the defendant is prohibited from disclosing, introducing, eliciting, posing hypotheticals concerning, releasing, speculating about the nature of, direct- or

cross-examining witnesses about, publicly commenting on, creating or using exhibits containing, or otherwise referencing classified information beyond the specific language in the unclassified versions of the documents, in any manner in connection with any trial or pretrial proceedings in this case, it is further

(U) **ORDERED** that the defendant's Notices of Intent to Disclose Classified Information; the government's Objections and Responses to those Notices; the defendant's Replies thereto; and the government's Notice of National Defense Information Pursuant to CIPA Section 10 and Motion for a Protective Order Pursuant to CIPA Section 6 and Federal Rule of Criminal Procedure 16(b)(1); accompanying Declarations and exhibits; and this Order shall be sealed and maintained in a facility appropriate for the storage of such classified information by the Classified Information Security Officer as the designee of the Clerk of Court, in accordance with established security procedures, for any future review, until further order of this Court.

(U) IT IS SO ORDERED, on this 18th day of April, 2019.

_____
T. S. ELLIS III
UNITED STATES DISTRICT JUDGE

Copies via Classified Information Security Officer to:

W. Neil Hammerstrom Jr.
Assistant United States Attorney
United States Attorney's Office
Eastern District of Virginia
2100 Jamieson Ave.
Alexandria, VA 22314

REDACTED / CLEARED FOR PUBLIC RELEASE

Adam L. Small
Patrick T. Murphy
Trial Attorneys
National Security Division
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, D.C. 20005

Attorneys for Defendant:

Nina J. Ginsberg
DiMuroGinsberg PC
1101 King Street, Suite 610
Alexandria, VA 22314

Edward B. MacMahon, Jr.
Edward B. MacMahon, Jr., PLC
107 East Washington Street
PO Box 25
Middleburg, VA 20118